THE STATE, Appellant, v. ANDREWS, Respondent.

1. An indictment charging that the defendant on, &c., at, &c., did " unlawfully sell a quantity of spirituous liquors, to-wit, one quantity of whisky, and did then and there unlawfully permit the same to be drank at a place under his control, without then and there having a dram-shop keeper's license, inn-keeper's license, or any other legal authority to sell said spirituous liquors," &c., is bad.

*Appeal from Polk Circuit Court.*

*Ewing*, (attorney general,) for the State.

I. The sale of spirituous liquor *in any quantity* and per-mitting it to be drank at a place under the control of the vendor, is illegal, except it be by one having a license as a *dram-shop keeper*. (R. C. 1855, p. 683, § 1, 2.) The offence is therefore sufficiently charged in the indictment.

*F. P. Wright*, for respondent.

I. The only question in this case is, whether the indict-ment is sufficient. The statement amounts to this, and no more, that defendant, in August, 1856, at the county of Greene, sold a quantity of spirituous liquor without having a license, and permitted the same to be drank at a place under his control. It is not a plain, brief and certain statement of an offence and of those circumstances that concur to ascer-tain the facts and its nature. (2 Hale, 169.) It is not drawn under the dram-shop law ; that act contemplates that the liquor will be drank at the place of sale. The law respect-ing the sale of liquor by a merchant only forbids its being " drank at his store, stand or warehouse, or other place of business. There is nothing said in the statute about *any place under his control*. It is also submitted whether the indictment should not have averred that defendant was not a dealer in drugs and medicines, and that the liquor was not used for medical purposes. Spirituous liquor may be sold in a quantity over one gallon without any license.

NAPTON, Judge, delivered the opinion of the court.

This indictment was found at the September term, 1856, of the circuit court of Greene county, and charged that defendant on, &c., at, &c., " did then and there unlawfully sell a quantity of spirituous liquors, to-wit, one quantity of whisky, and did then and there unlawfully permit the same to be drank at a place under his control, without then and there having a dram-shop keeper's license, inn-keeper's license, or any other legal authority to sell said spirituous liquors," &c. This indictment was quashed.

We will affirm the judgment for the same reason given in the case of the State v. Runyan, saying nothing of other exceptions which have been urged.   The other judges concur.

*Ewing*, (attorney general,) for the State.